UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MISSION PHARMACAL COMPANY,**

*Plaintiff/Counter-Defendant*,

v.                                                                                              Case No. SA-20-CV-1454-JKP

**MOLECULAR BIOLOGICALS, INC.,**

*Defendant/Counter-Plaintiff*.

### ORDER DENYING
### POST-JUDGMENT MOTION

Before the Court is a Motion to Alter or Amend Judgment, or Alternatively, Motion to Correct Judgment (ECF No. 105) filed by Mission Pharmacal Company. Pursuant to Fed. R. Civ. P. 59(e) or 60(a), Mission seeks amendment or correction of the Final Judgment entered in this case. It contends that dismissal of the case conflicts with the award of relief on the merits and is premature given the direction for further proceedings to determine the amount of finance charge, attorney's fees, and any appropriate pre-and post-judgment interest. Mission indicates that Molecular Biologicals, Inc. opposes the motion because the requested relief is unnecessary. For the reasons that follow, the Court agrees with Molecular and finds no need for a formal response to the motion.

Long ago, the Fifth Circuit recognized: "[A] motion for attorney's fees is unlike a motion to alter or amend a judgment. It does not imply a change in the judgment, but merely seeks what is due because of the judgment. It is, therefore, not governed by the provisions of Rule 59(e)." *Knighton v. Watkins*, 616 F.2d 795, 797 (1980). The Supreme Court of the United States expressly agreed with these principles. *See White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 452 (1982). The Supreme Court later stated:

> It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction. This Court has indicated that motions for costs or attorney's fees are "independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree."

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 170 (1939)). Relying on *Cooter & Gell*, the Fifth Circuit has recognized that imposition of costs and attorney fees is a collateral issue, not a not a judgment on the merits, and courts may make the determination of fees after termination of the principal suit. *Ratliff v. Stewart*, 508 F.3d 225, 231 (5th Cir. 2007).

Mission provides no authority removing this case from the legal principles cited above. The Federal Rules of Civil Procedure, moreover, expressly recognize and permit courts to address the issue of attorney fees post-judgment. *See* Fed. R. Civ. P. 54(d). First, claims "for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." *See* Fed. R. Civ. P. 54(d)(2)(A). Second, absent "a statute or a court order [that] provides otherwise, the motion must . . . (i) be filed no later than 14 days after the entry of judgment." *See* Fed. R. Civ. P. 54(d)(2)(B)(i). The Court set an April 18, 2023 deadline for Mission to brief "the amount owed to it for the 1% per month finance charge and attorney's fees available under the parties' contract, and any pre- and post-judgment interest available under 28 U.S.C. § 1961." *See* ECF No. 103 at 20. This briefing deadline sets the deadline for any motion for fees.

Furthermore, Fed. R. Civ. P. 58, which governs entry of judgment, also has pertinent provisions. Rule 58(a) requires a separate document for every judgment, but specifically exempts motions "for attorney's fees under Rule 54" from this requirement. *See* Fed. R. Civ. P. 58(a)(3). Rule 58(e) also states:

> Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

"The filing of a Rule 59(e) motion within the 28-day period 'suspends the finality of the original judgment for purposes of appeal [and] . . . [o]nly the disposition of that motion 'restores th[e] finali-

2

ty' of the original judgment, thus starting the 30-day appeal clock." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). The instant motion has thus suspended the Court's judgment pending this disposition and this denial now commences the thirty-day appellate clock.

Mission reads too much into the Court's dismissal with prejudice. The Court clearly granted Mission some relief and ordered further proceedings concerning collateral matters which typically occur post-judgment. The dismissal and closure of this case merely reflects the reality that, through the bench trial and resulting Findings of Fact and Conclusions of Law, the merits of this case have concluded. Neither the dismissal nor the closure affects Mission's ability to proceed with the collateral matters. Calculating the finance charge and determining fees available under the contract, as well as determining the pre- and post-judgment interest available under § 1961 are collateral matters that the Court may address post-judgment.

Because there is no need to alter or correct the judgment, the Court **DENIES** the Motion to Alter or Amend Judgment, or Alternatively, Motion to Correct Judgment (ECF No. 105) filed by Mission Pharmacal Company. To avoid any confusion, **today is the deadline for any motion for attorney's fees**, which may also address the 1% finance charge and pre- and post-judgment interest. The deadline is the same whether Mission presents the latter matters by separate motion or within its motion for fees. Any response by Molecular is still due **on or before April 25, 2023**.

**SIGNED this 18th day of April 2023.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**