UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MISSION PHARMACAL COMPANY, a Texas corporation,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>MOLECULAR BIOLOGICALS, INC., a Delaware corporation,<br><br>    Defendant/Counterclaim-Plaintiff. | § § § § § § § § § § § § §<br><br>CASE NO: SA:20-CV-01454-JKP |

**MISSION PHARMACAL COMPANY'S BRIEF
REGARDING FINANCE CHARGES, ATTORNEY'S FEES AND COSTS,
AND INTEREST, AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to the Court's directive in its April 4, 2023 Order (D.E. 103; "Order"), Plaintiff and Counterclaim-Defendant Mission Pharmacal Company ("Mission") files this brief to identify the additional amounts owed to Mission in the categories of finance charges, attorney's fees and costs, and post-judgment interest as a result of the award to Mission in the principal amount of $60,508.00 on Mission's breach of contract claim. *Id.* at 20. In support thereof, Mission states:

**I.     ATTORNEY'S FEES AND COSTS**

The Court determined in the Order that as a result of Defendant Molecular Biologicals, Inc.'s ("Molecular") breach of the Master Services Agreement ("MSA") at issue in this action, Mission is entitled to attorney's fees. Order at 20.

Awards of attorney's fees are "governed by the same law that serves as the rule of decision for the substantive issues in the case." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Because Texas law provided the rule of decision in this case, *see* Order at 4, Texas law

1

controls the award of attorney's fees. *Mathis*, 302 F.3d at 461. Texas law permits recovery of attorney's fees pursuant to statute or contract. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006). Here, the Court has already determined that Mission is entitled to attorney's fees pursuant to the MSA. Order at 20.

Because Mission has prevailed in part on its claims for breach of contract, Texas law requires Mission to "segregate" certain fees which are related solely to an unrecoverable claim. *See ATOM Instrument Corp. v. Petroleum Analyzer Co., L.P.*, 969 F.3d 210, 217 (5th Cir. 2020), *as revised* (Sept. 17, 2020) (citing *Tony Gullo Motors*, 212 S.W.3d at 313). However, "where discrete legal services advance both a recoverable and unrecoverable claim," such fees are considered "so intertwined that they need not be segregated." *Id.* (citing *Tony Gullo Motors*, 212 S.W.3d at 313-14). And even where fees are required to be segregated, it is sufficient for counsel to estimate the percent of work that would have been necessary even in the absence of the unrecoverable claim. *Id.* A party also satisfies its burden to segregate fees by submitting testimony from the party's attorney "concerning the percentage of hours which are related to claims for which fees are not recoverable." *Id.* (quoting *Berryman's S. Fork, Inc. v. J. Baxter Brinkmann Int'l Corp.*, 418 S.W.3d 172, 202 (Tex. App.—Dallas 2013, pet. denied) (alteration and quotation marks omitted)).

As set forth in significant detail in the Declaration of John A. Tucker, attached hereto as **Exhibit 1** ("Tucker Affidavit") and incorporated herein by reference, the undersigned has reviewed and analyzed the contemporaneously-prepared billing records in this action, and color-coded such records to indicate the various categories of fees incurred.[1]

---

[1] *See also* the Declaration of Rachel P. Steely, attached hereto as **Exhibit 2** and incorporated herein by reference, in which the undersigned's Texas partner describes the rates charged in this action as ordinary, customary, and reasonable and within the range of lawyers in San Antonio, Texas.

2

Entries (or discrete tasks) highlighted in blue indicate the fees which the undersigned has segregated as relating to Mission's unrecoverable claims, or otherwise determined should not be submitted for an award. The remaining fees incurred in litigating this action to enable Mission to recover on its breach of contract claim are highlighted in either yellow or green. A yellow marking indicates fees for work which would have to be performed regardless of Mission's unrecoverable claims. *Id.* ¶ 12. A green marking indicates fees for work performed which advanced <u>both</u> recoverable and unrecoverable claims, but which the undersigned has nonetheless reduced to a percentage corresponding to the minimum amount of work performed related to Mission's recoverable claim. *Id.* ¶ 13.

    a.  <u>Fees Related Solely to Unrecoverable Claims (Blue)</u>

As explained in detail in the Tucker Affidavit, the undersigned has carefully reviewed each discrete entry and task in the billing records, and segregated those entries or tasks which relate solely to an unrecoverable claim, which fees Mission does not seek. For example, the undersigned has segregated tasks such as those concerning Mission's retained expert witness, Mr. Robert Giacalone, tasks concerning evidence or issues related to Inmar, matters related to the testimony of Mission witnesses who did not testify concerning Mission's entitlement to payment for service fees (Tom Dooley and June Schmidt), and tasks concerning product returns and reimbursement for chargebacks (including legal research and analysis of issues which relate solely to such returns and chargebacks). The sum of the fees for these and other such services which Mission has incurred in litigating this action are <u>not included</u> in the requested amounts.[2] *See* Tucker Affidavit, ¶ 11

    b.  <u>Fees Which Mission Necessarily Would Have Incurred (Yellow)</u>

---

[2] Some billing entries are redacted as containing privileged work product, or for other reasons not relevant here. Such redacted entries are <u>not included</u> in the fee amounts requested.

Mission respectfully submits that fees which Mission necessarily would have incurred irrespective of its unrecoverable claims should be awarded in their entirety, as such fees were reasonable and necessarily incurred by Mission in litigating this action as a result of Molecular's failure to pay Mission for its services rendered pursuant to the MSA—which monies Mission was at all times legally and justly entitled to.  Put differently, these fees and costs are not claim-dependent, but rather arose naturally and incident to the litigation and trial in this action as a direct result of Molecular's failure to satisfy its legal obligation to Mission.

In the early stages of the action Mission incurred such fees for the following non-exhaustive list of tasks: investigating the general background of the case, investigating the corporate status of Molecular and recent changes thereto, legal research regarding same, coordination of pretrial matters with Molecular's counsel, review of local court rules to ensure compliance, service of process, matters related to case scheduling, preparation of initial discovery requests, work related to Molecular's removal of this action to federal court, compliance with the Federal Rules of Civil Procedure ("Rule(s)") (including, among other things, compliance with Rules 7 and 26, and correspondence and coordination with opposing counsel regarding case management and ADR), work arising from Molecular's counterclaims (including investigation of Molecular's allegations, legal research regarding same, preparation of answers and affirmative defenses to same), ensuring adequate confidentiality and protective measures (including preparing briefs and attending hearings), investigating and responding to Molecular's discovery requests (including document review of thousands of documents, preparation of a privilege log, and coordination with client and Molecular's counsel), and naturally, correspondence with Mission and Molecular's counsel regarding the foregoing.  Later in the case, such tasks included, among other things, preparing for and deposing key Molecular witnesses, additional discovery matters,

4863-0254-2172.4

certain settlement or mediation-related tasks, ensuring compliance with the Rules and Local Rules (including investigating and amending initial disclosures), general case management, responding to Molecular's motion for summary judgment on its counterclaims (including investigating and legal research concerning the issues raised therein, and ensuring appropriate actions were taken to maintain confidentiality in sealed filings), general compliance with the Court's pretrial schedule and orders, general trial preparation, and of course, correspondence with Mission or opposing counsel regarding the foregoing.  Tucker Affidavit ¶ 12.  The total amount of this category of fees is $148,845.50.  *See* Ex. C to Tucker Affidavit (CM-ECF-stamped page 103).

      c.   <u>Fees for Work Which Advanced Both Recoverable and Unrecoverable Claims (Green)</u>

In part, Mission incurred attorney's fees for work that is virtually impossible to segregate as between recoverable and unrecoverable claims.  Among many other things, such tasks included investigation of facts potentially bearing on all the claims asserted by Mission in this action, correspondence relating to multiple claims, amendments to filings which involved both recoverable and unrecoverable claims, settlement discussions and negotiations related to particular claims, mediation, investigation of witnesses who potentially had knowledge of all the claims asserted in this action, investigation and drafting motions which concerned multiple claims (including Mission's briefing on its motion for summary judgment, certain legal research related thereto, and preparation of an appendix thereto), preparation of such witnesses for depositions and/or trial testimony, pretrial matters involving multiple claims (including preparation of deposition designations, a proposed final pretrial order, responding to Molecular's deposition designations, and certain other matters). Tucker Affidavit ¶ 13.  The total of such fees which Mission incurred litigating this action is $357,652.50.  *See* Exhibit C to Tucker Affidavit (CM-ECF-stamped page 83).

Many fees in this total were "intertwined" because they were for discrete services that advanced both recoverable and unrecoverable claims, and thus are not subject to reduction under Texas law. *See, e.g.*, *ATOM Instrument Corp. v. Petroleum Analyzer Co., L.P.*, 969 F.3d 210, 217 (5th Cir. 2020), *as revised* (Sept. 17, 2020) (citing *Tony Gullo Motors*, 212 S.W.3d at 313-314). Nonetheless, in calculating the requested fee amount for this category Mission has reduced the total of all fees in this category by 80%, which resulting amount represents the bare <u>minimum</u> estimate of work necessary on such tasks even in the absence of unrecoverable claims. Accordingly, Mission requests fees for "intertwined" services in the amount of $71,530.50.

    d.  <u>Fee Request Summary</u>

In short, Mission requests a total fee award of $220,376.00, which consists of: (i) $148,845.50 in fees categorized as "yellow," which Mission would have incurred in bringing this action; plus (ii) $71,530.50 in intertwined fees categorized as "green" (which amount Mission reached by reducing the total of such fees by 80%). For clarity, this total requested fee award does not include any amount of segregated fees ("blue" category).

    e.  <u>Taxable Costs</u>

Mission submits it is entitled to taxable costs pursuant to 28 U.S.C. § 1920. As identified in Exhibit B to the Tucker Affidavit, Mission incurred a total of $10,612.03 in taxable fees, which consist of Clerk of the Court fees, service fees, and transcript fees necessarily obtained for use in the case. *See* Ex. B to Tucker Affidavit (CM-ECF-stamped pages 58-61).

**II.   FINANCE CHARGES**

In addition to an award of attorney's fees, the Court also found Mission is entitled to a finance charge of 1% per month applicable to the principal amount of $60,508.00 for unpaid service fees owed to Mission by Molecular pursuant to the MSA. Order at 20.

This 1% monthly finance charge applicable to the principal amount of $60,508.00 of unpaid service fees owed to Mission by Molecular is $16,369.47, calculated from January 1, 2021,[3] through April 4, 2023, at a per diem rate of $19.89.

### III.     INTEREST

The Court's Order further determined that Mission is entitled to appropriate pre- and post-judgment interest available under 28 U.S.C. § 1961.  Order at 20.

(a) <u>Prejudgment Interest</u>

The finance charges as set forth above provide the pre-judgment interest on the principal award in this action.

(b) <u>Post-judgment Interest</u>

Post-judgment interest is awarded pursuant to 28 U.S.C. § 1961.  This statute provides that "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  28 U.S.C. § 1961(a).  The applicable rate of post-judgment interest is therefore 4.58%, which is the weekly average 1-year constant maturity Treasury yield for the calendar week ending March 31, 2023.

However, the total dollar amount of post-judgment interest to which Mission is entitled depends on two variables: (i) the amount of attorney's fees, costs, and prejudgment interest (here, finance charges) the Court awards[4]; and (ii) the date that Molecular satisfies the judgment.

---

[3] Though Mission is entitled to additional finance charges as calculated from the past due date of each monthly service invoice, for simplicity Mission calculates all owed finance charges from the later date of January 1, 2021, which date encompasses all past due unpaid monthly invoice amounts owed to Mission by Molecular.

[4] *Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 544 (5th Cir. 1983) (holding that attorney's fees and costs accrue postjudgment interest pursuant to 28 U.S.C. § 1961 if such award is included in the final

7

Accordingly, Mission respectfully requests that the Court, in awarding Mission specific amounts of fees, costs, and interest, also direct Molecular to calculate and satisfy the correct amount of post-judgment interest due as of the date Molecular satisfies such award, and pay to Mission such amount.

### IV.     CONCLUSION

WHEREFORE, for the foregoing reasons, Mission respectfully requests that the Court enter a supplemental judgment that awards to Mission: (i) finance charges owed by Molecular in the amount of $16,369.47; (ii) Mission's recoverable attorney's fees and costs in the amount of $230,988.03; and (iii) post-judgment interest to be calculated on the total judgment award to Mission of $307,865.50 (consisting of $60,508.00 in principal previously awarded to Mission, plus $247,357.50 in fees, costs, and finance charges (or such other sum as the Court deems appropriate)), accruing at a rate of 4.58% from April 4, 2023 through the date Molecular satisfies such award, along with such other or further relief the Court deems appropriate.

---

judgment), *overruled on other grounds by J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 790 F.2d 1193 (5th Cir. 1986); *Fairmont Specialty Ins. Co. v. Apodaca*, 234 F. Supp. 3d 843, 855 (S.D. Tex. 2017).

Dated this 18th day of April, 2023

*/s/     John A. Tucker*
John A. Tucker
*Admitted Pro Hac Vice*
John "JD" Fox
*Admitted Pro Hac Vice*
Foley & Lardner LLP
1 Independent Drive, Suite 1300
Jacksonville, FL 32202-5017
Telephone:  904-359-2000
Facsimile:  904-359-8700
Primary Emails: jtucker@foley.com
jfox@foley.com
Secondary Email:
avwilliams@foley.com

Robert T. Slovak
Texas Bar No. 24013523
Foley & Lardner LLP
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: 214.999.3000
Facsimile: 214.999.4667
Primary Email: rslovak@foley.com

*Attorneys for Plaintiff and Counter-Defendant Mission Pharmacal Company*

9

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 18th day of April, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

James E. Zucker
Alexander Ades
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, TX 77002
Telephone:  713.632.8000
Facsimile: 713.632.8002
Primary Emails: jzucker@yettercoleman.com
aades@yettercoleman.com

              */s/ John A. Tucker*
              John A. Tucker