UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MISSION PHARMACAL COMPANY;

  *Plaintiff/Counter-Defendant*,

v.                                            Case No.  SA-20-CV-01454-JKP

MOLECULAR BIOLOGICALS, INC.;

  *Defendant/Counter-Plaintiff*.

**O R D E R**

Before the Court is Defendant/Counter-Plaintiff Molecular Biologicals' Motion to Approve Bond and Motion to Stay. *See* ECF Nos. 113, 114. Plaintiff/Counter-Defendant Mission Pharmacal filed a response and Molecular filed a reply. *See* ECF Nos. 118, 120. The Court held a hearing on July 13, 2023 to hear argument on the motions. After due consideration of the parties' briefings, oral arguments, and the applicable law, the Court **GRANTS IN PART** the Motion to Approve Bond (ECF No. 113) and **GRANTS IN PART** the Motion to Stay (ECF No. 114).

BACKGROUND

After a three-day bench trial, the Court issued its Findings of Fact and Conclusions of Law in this breach of contract case, awarding Mission $60,508 for unpaid service fees plus interest, attorney's fees, and costs. *See* ECF No. 103. The Court awarded nothing on Mission's claim for reimbursement for returned goods and awarded Molecular nothing on its counterclaims. *Id*. In a separate order, the Court addressed the total award amount, finding that in addition to the $60,508 for unpaid service fees, Mission is awarded $160,079.35 in attorney's

fees, $6,946.90 in costs, $16,369.47 in pre-judgment interest, and 4.58% in post-judgment interest, to be calculated on the total judgment award, running from April 4, 2023 through the date Molecular satisfies such award. *See* ECF No. 110. Mission appealed the Court's adverse ruling on its claim for reimbursement for returned goods. *See* ECF No. 109. Notably, neither party appealed the Court's ruling finding Molecular liable for unpaid service fees and the deadline for doing so has passed.

Molecular now asks the Court, pursuant to Federal Rule of Civil Procedure 62(b), to approve a reduced supersedeas cash bond in the amount of $95,000. Mission argues the bond amount, if any, should be the full judgment amount. For the reasons set forth below, the Court agrees with Mission's position.

## RELEVANT LAW

Federal Rule of Civil Procedure 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). A supersedeas bond serves the dual purpose of "preserv[ing] the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir. 1979). In the typical case, "[a] judgment debtor who wishes to appeal may use the bond to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal." *Id*. at 1191. The bond also secures the prevailing party's interest by protecting it from "any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." *Id*.

The predecessor to present Rule 62(b), originally Rule 73(d), directed district courts to calculate the bond amount to include "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond." Although the present rule does not expressly define the amount of a supersedeas bond, it has been read consistently with the earlier rule. *Trans World Airlines, Inc. v. Hughes*, 314 F.Supp. 94 (S.D.N.Y.1970), Aff'd, 515 F.2d 173 (2d Cir. 1975); *C. Albert Sauter Co., Inc. v. Richard S. Sauter Co., Inc.*, 368 F.Supp. 501 (E.D.Pa.1973); 9 Moore's Federal Practice P 208.05 at 1418 (2d Ed. 1969). "The nature of the bond's dual protection role requires that these conditions normally be imposed." *Poplar Grove*, 600 F.2d at 1191.

In the rare case in which a court departs from requiring a full security supersedeas bond, the court places the burden on the moving party to objectively demonstrate the reasons for such a departure. *Id*. The judgment creditor has no burden to initiate contrary proof. *Id*. A supersedeas bond is "a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money." *Id*.

## ANALYSIS

In this case, Molecular cites *Poplar Grove* for the premise that the Court has discretion to require alternative security, including a smaller bond amount when financial hardship is an issue. *Poplar Grove*, 600 F.2d at 1191. Molecular further argues that Rule 62(b)'s silence on the amount of supersedeas bond constitutes a gap in the federal law; and therefore, under the *Erie* doctrine, state substantive law governs in this diversity case. *See Gasperini v. Ctr. For Humans, Inc.*, 518 U.S. 415, 427 (1996). Finally, Molecular argues that under Texas law, a $95,000 supersedeas bond is appropriate because the company is insolvent. Molecular says paying the

full judgment amount on Mission's claim for unpaid fees would deprive Molecular of the opportunity to defend on appeal the Court's judgment denying Mission's reimbursement claim.

Mission concedes the Court has discretion to adjust the bond amount; however, it argues the Court's discretion is not unlimited and reducing the bond amount is not appropriate in this case. Mission notes that given the dual purpose of a supersedeas bond—to protect the judgment debtor from paying an award that is later reversed on appeal and to preserve the status quo pending appeal—courts will reduce a supersedeas bond only when the party seeking to post bond can provide adequate security to ensure the final judgment will be available if owed after appeal. Here, Molecular offers no such security. To the contrary, Molecular asks the Court to reduce the bond amount because the company is insolvent and cannot afford to pay the full judgment amount. Molecular's admission that it cannot pay now offers little support for the finding that it will be able to pay later. Mission, therefore, argues a reduction is inappropriate because it would unfairly expose Mission to the risk that Molecular will not pay the full judgment amount following appeal. Mission further rejects Molecular's argument that state substantive law governs how courts set the amount of supersedeas bond, citing several district court opinions finding federal procedural law applies. *See* ECF No. 118 at 3-4 (collecting cases).

As an initial matter, the Court notes this is an unusual case because Molecular seeks to post bond on a judgment that has not been appealed by either party. Rule 62(b) refers to a "party"—not an "appellant"—obtaining a stay by providing a bond or other security. The 2018 advisory committee notes to Rule 62(b) explain the more permissive language was adopted because, "[f]or example, a party may wish to secure a stay pending disposition of post-judgment proceedings after expiration of the automatic stay, not yet knowing whether it will want to appeal." *See* Fed. R. Civ. P. 62(b) advisory committee's note to 2018 amendment. Here,

Molecular has not appealed the Court's judgment in favor of Mission for unpaid fees, nor has it expressed any interest in doing so. This calls into question whether granting a supersedeas bond is appropriate in this case. That being said, because the rule allows for either party to post a bond, and Mission does not object to Molecular posting the full judgment amount as bond, the Court considers whether Molecular's request for a reduced bond is proper.

The Court agrees with Mission's position—and the position of several district courts that have considered the issue—that reducing a supersedeas bond amount is a procedural matter within the Court's discretion under Rule 62(b). As noted above, although Rule 62(b) is silent as to the bond amount, courts look to predecessor Rule 73(d) and the relevant caselaw to determine the appropriate bond amount. Under *Poplar Grove*, Molecular, as movant, has the burden to show a reduced bond would serve the dual purpose of "preserv[ing] the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove*, 600 F.2d at 1190. Here, Molecular offers no assurances that the status quo would be preserved if a reduced bond were awarded. To the contrary, Molecular says it is insolvent and, in the status conference, Molecular's counsel admitted the company's available cash on hand has decreased since it filed its motions. When asked whether Molecular had other assets it could offer as security, Molecular's counsel said the value of the company's assets—some inventory and product licenses—is minimal. This suggests Molecular would be unable to pay the full judgment amount in the future if the Court allowed it to post a reduced bond now. The Court, therefore, finds the appropriate amount of bond, if any, is the full judgment amount.

Molecular separately requests the Court exercise its discretion to temporarily extend a stay of execution of judgment while Molecular's Motion to Approve Bond is under consideration. The Court finds a stay is warranted for the period of time that passed between

Molecular's filing of its motion and the issuance of this order. The Court further extends the stay until 5 p.m. on Wednesday, July 19, 2023, to give Molecular an opportunity to post bond in the full judgment amount. Rule 62(b) contemplates a scenario in which the movant has already posted bond and seeks court approval of the bond. Here, Molecular sought the Court's approval of its proposed, reduced bond amount without first posting bond. With this order, the Court approves a bond in the full judgment amount. Molecular, therefore, may obtain a stay pursuant to Rule 62(b) if it posts bond in the full judgment amount by the Court-imposed deadline.

## CONCLUSION

For the foregoing reasons, the Court finds a reduction in supersedeas bond is inappropriate in this case. Molecular shall pay the full judgment amount or post a supersedeas bond in the full judgment amount by July 19, 2023.

**IT IS THEREFORE ORDERED** that Molecular's Motion to Approve Bond is **GRANTED IN PART**. *See* ECF No. 113. The Court approves a supersedeas cash bond for the full judgment amount only.

**IT IS FURTHER ORDERED** that Molecular's Motion to Stay is **GRANTED IN PART**. *See* ECF No. 114. The Court imposes a stay for the period of time that passed between Molecular's filing of its motion and the issuance of this order. The Court further extends the stay until **5 p.m. on Wednesday, July 19, 2023**, to give Molecular an opportunity to post bond in the full judgment amount.

It is so ORDERED.
SIGNED this 17th day of July, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE